**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No. |
| Plaintiff, | |
| v. | |
| MISSISSIPPI DELTA COMMUNITY COLLEGE, | Jury Trial Demanded  4:18CV168-DMB-RP |
| Defendant. | |

**COMPLAINT**

Plaintiff, the United States of America ("United States"), by the undersigned attorneys, alleges as follows:

1. This civil action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2. Pamela Venton ("Venton") filed a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") (Charge No. Charge No. 423-2013-01490) on or about May 22, 2013, alleging Defendant discriminated against her in employment based on her race. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, the EEOC investigated the charge, found reasonable cause to believe Venton was subjected to discrimination on the basis of her race, attempted unsuccessfully to achieve resolution of this matter through conciliation, and subsequently referred the charge to the Department of Justice.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

1

4. Venue is proper in the United States District Court for the Northern District of Mississippi pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice is alleged to have been committed in this judicial district.

## PARTIES

5. Plaintiff, the United States of America ("Plaintiff" or "United States") is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

6. Mississippi Delta Community College ("MDCC") is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

7. The MDCC is a comprehensive community college that operates campuses in the State of Mississippi. It is a public agency, political subdivision, and/or instrumentality of the State of Mississippi.

8. All conditions precedent to this lawsuit have been performed or have occurred.

## FACTUAL ALLEGATIONS

9. On or around August 2006, MDCC hired Ms. Venton, a black woman, as an Instructional Advisor/Counselor at MDCC's Greenville Center, one of three MDCC campuses.

10. Ms. Venton is currently employed by MDCC as an Instructional Advisor/Counselor at the Greenville campus.

11. Ms. Venton received her Master's Degree in Counseling in 1996. At the time of her hire, she had eight years' experience as a counselor, much of it at MDCC's Capps Center.

12. Ms. Venton's annual salary at the time of her hire in August 2006 was $35,000.

13. Since her hire in 2006, Ms. Venton has remained continuously employed as an Instructional Advisor/Counselor by MDCC.

14. Ms. Venton's employment contract has been renewed each year through the present.

15. At the time Ms. Venton was hired, MDCC employed Lance Baria and Ralph Ross as part-time Instructional Advisors/Counselors at the Greenville campus.

16. Mr. Baria and Mr. Ross are white.

17. When Ms. Venton was hired, Mr. Baria and Mr. Ross worked half-time. Mr Baria was paid an annual salary of $31,224, and Mr. Ross was paid an annual salary of $31,538.

18. In or around April 2006, four months prior to Ms. Venton's hire, MDCC hired Susan Walker as a Counselor at MDCC's Greenwood campus.

19. Susan Walker is white.

20. At the time of her hire, Susan Walker's annual salary was $45,675.

21. In or around August 2011, five years after Ms. Venton's hire, MDCC hired Audra Perry as a Counselor for Enrollment Management at the main campus in Moorhead.

22. Audra Perry is white.

23. Ms. Perry had never held a full-time counseling position prior to being hired by MDCC in 2011.

24. Audra Perry received her Master's Degree in Higher Education Administration shortly before her hire in 2011.

25. At the time of her hire, Audra Perry's annual salary was $45,000.

26. At the time of Audra Perry's hire at MDCC in 2011, Ms. Venton had thirteen years' full-time experience as a counselor and her annual salary was $38,653.

3

27. In or around November 26, 2012, Ms. Venton submitted a Freedom of Information Act ("FOIA") request to MDCC for the salaries of all employees within her department, the Department of Enrollment Management.

28. On November 27, 2012, MDCC produced to Ms. Venton the salaries of all employees in the Department of Enrollment Management.

29. The FOIA response showed that, as of November 27, 2012, Lance Baria was earning an annual salary of $31,224, Ralph Ross was earning an annual salary of $31,538, Susan Walker was earning an annual salary of $50,648, Audra Perry was earning an annual salary of $46,250, and Ms. Venton was earning an annual salary of $39,969.

30. During all times relevant to the allegations contained in this Complaint, Ms. Venton, Ms. Walker, Mr. Ross, Mr. Baria, and Ms. Perry all reported to the Associate Vice President for Enrollment Management, Dr. Brent Gregory.

31. Ms. Venton, Ms. Walker, Mr. Ross, Mr. Baria, and Ms. Perry had the same or similar job duties and responsibilities. They provided academic, career, and personal counseling to enrolled and prospective students at MDCC.

32. Shortly after Ms. Venton received a response to her FOIA request, in or around December 2012, she asked for a meeting with her supervisor, Dr. Brent Gregory, and the interim president of the college, Dr. Lynda Steele, to discuss Ms. Venton's concern that she was being paid less than her coworkers who were performing the same or similar duties.

33. Neither Dr. Gregory nor Dr. Steele met with Ms. Venton in December 2012 or January 2013 to discuss her concerns about her pay.

4

34. However, on or around February 25, 2013, Ms. Venton met with Dr. Gregory to discuss with him her continued concerns that she was being underpaid compared to similarly situated coworkers.

35. In the February 24, 2013 meeting, Ms. Venton told Dr. Gregory that she was being paid less than all other counselors at MDCC. She provided him with the salary information she received from her FOIA request. She requested a salary increase and back pay for the years she had been underpaid.

36. Later the same day, Dr. Gregory sent a summary of this meeting to Dr. Larry Nabors, the incoming President of MDCC, copying himself, Ms. Venton, and another administrator.

37. At some point after this meeting, Dr. Gregory met with Dr. Nabors about Ms. Venton's salary concerns.

38. Dr. Gregory recommended that Dr. Nabors increase Ms. Venton's salary.

39. On or around April 15, 2013, more than four months after Ms. Venton first raised the issue of pay disparities, Dr. Nabors met with Ms. Venton to discuss her concerns about her salary.

40. In this April 15, 2013, meeting, Ms. Venton told Dr. Nabors that she was being paid less than all other counselors at MDCC, provided him with the salary information she received from her FOIA request, and requested both a salary increase and back pay for the years she had been underpaid.

41. On May 5, 2013, Dr. Nabors sent a memorandum to personnel in MDCC Human Resources Department stating that he had evaluated the salary information of "MDCC personnel

5

in similar positions" and decided to increase Ms. Venton's salary for the 2013-2014 academic year.

42. Dr. Nabors instructed MDCC Human Resources to adjust Ms. Venton's salary beginning July 1, 2013, to $49,800 annually, with a GHEC PTK supplement of $866, for a total annual salary of $50,666, but MDCC has refused Ms. Venton's request for backpay.

## COUNT I
Title VII, 42 U.S.C. § 2000e-2(a)(1)
Race Discrimination (Compensation)

43. The United States re-alleges and incorporates herein by reference all of the foregoing allegations.

44. As described in paragraphs 11 through 42, Ms. Venton is African-American. She was subjected to discrimination by MDCC in the form of being paid lower compensation compared with similarly situated white coworkers.

45. For the foregoing reasons, MDCC discriminated against Ms. Venton because of her race in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1).

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court grant the following relief:

a) enjoin MDCC from engaging in discrimination, in violation of Title VII, against any employee or applicant for employment;

b) order MDCC to provide adequate training regarding compensation discrimination to all MDCC officials who are responsible for making pay recommendations or for setting pay of MDCC employees:

c) award all appropriate monetary relief, including back pay, to Ms. Venton, in an amount to be determined at trial in order to make her whole for the loss she suffered as a result of

the discriminatory conduct alleged in this Complaint;

d) award Ms. Venton any prejudgment interest on the amount of lost wages and benefits determined to be due;

e) award compensatory damages to Ms. Venton to fully compensate her for the pain and suffering caused by the discriminatory conduct alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a;

f) award such additional relief as justice may require, together with the United States' costs and disbursements in this action.

## JURY DEMAND

46. The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

BY: DELORA L. KENNEBREW (GA Bar No. 414320)
Chief
Employment Litigation Section

*/s/ Karen D. Woodard*
KAREN D. WOODARD (MD Bar, no number)
Principal Deputy Chief
Employment Litigation Section
Karen.Woodard@usdoj.gov

/s/ Torie A. Atkinson
TORIE A. ATKINSON (NY Bar, no number)
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4239
Washington, DC 20530
Torie.Atkinson@usdoj.gov
Telephone: (202) 305-3544
Facsimile: (202) 514-1005

WILLIAM C. LAMAR
United States Attorney for the Northern District of Mississippi

AVA N. JACKSON (MS Bar No. 2959
Assistant United States Attorney
Northern District of Mississippi
900 Jefferson Ave.
Oxford, MS 38655
Ava.Jackson@usdoj.gov
Telephone: (662) 234-3351
Facsimile: (662) 234-3318

*Attorneys for Plaintiff United States of America*